# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

DEAN ALLEN STEEVES,

                             Plaintiff,

    v.

UNITED STATES OF AMERICA,

                            Defendant.

Case No.:  24-cv-1300-DMS-AHG

**ORDER DENYING PLAINTIFF'S MOTION TO QUASH, DENYING PLAINTIFF'S MOTION TO COMPEL; AND GRANTING DEFENDANT'S MOTION TO SUMMARILY DENY PLAINTIFF'S MOTION TO QUASH AND ENFORCE IRS SUMMONS**

Pending before the Court are Plaintiff's Motion to Quash Summons (Plaintiff's Motion, ECF No. 1), Plaintiff's Motion to Compel (ECF No. 8), and Defendant's Motion to Summarily Deny Plaintiff's Motion to Quash and Enforce IRS Summons (Defendant's Motion, ECF No. 11).  Defendant filed a response in opposition to Plaintiff's Motion to Compel.  (ECF No. 9).  Plaintiff filed a response in opposition to Defendant's Motion. (Plaintiff's Opposition, ECF No. 12).  The Court found this matter to be suitable for resolution without oral argument pursuant to Civil Local Rule 7.1(d)(1).  (ECF No. 13). For the following reasons, the Court denies Plaintiff's Motion to Quash Summons and Motion to Compel and grants Defendant's Motion to Summarily Deny Plaintiff's Motion

to Quash and Enforce IRS Summons.

## I.      BACKGROUND

This matter arises out of alleged unpaid tax liabilities of Camp Noble Inc ("CNI"). (Plaintiff's Motion, at 24).  CNI, allegedly an "integrated auxiliary" of a church, is also "a manufacturer and distributor of cables, antennas, and metal mounts," selling primarily to "Prime Contractors" of the U.S. military and at times directly to the U.S. Department of Defense.  (*Id.* at 19–20).  From CNI's "commercial activity," the Internal Revenue Service ("IRS") assessed approximately $5.3 million in unpaid taxes against CNI for tax years 2008, 2011–12, and 2014–18.  (*Id.* at 20, 24).  With statutory additions for the unpaid taxes, the total amount CNI owed approached $6 million as of April 19, 2024.  (*Id.* at 24).

On July 5, 2024, the IRS issued summons to "Dean Steeves as Officer of Camp Noble Inc."  (Plaintiff's Motion, at 16).  The purpose of the summons was for Plaintiff "to give testimony and to bring for examination [documents and records] related to the collection of the tax liability of" CNI.  (*Id.*).  Plaintiff then filed this action to quash the IRS summons and later filed a motion to compel.  (ECF Nos. 1, 9).  The government now moves to summarily deny Plaintiff's motion to quash and enforce IRS summons.  (ECF No. 11).

## II.      LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "It is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)).  A challenge to subject matter jurisdiction "can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint."  *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  Thus, when

considering a motion pursuant to Rule 12(b)(1), a court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).

### III.    DISCUSSION

#### A. Standing to File Motion to Quash

"The IRS may issue a summons pursuant to § 7602 for the purpose of 'ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . or collecting any such liability.'" *Action Recycling Inc. v. U.S.*, 721 F.3d 1142, 1144 (9th Cir. 2013) (quoting 26 U.S.C. § 7602(a)). "If the IRS issues a summons to a third party, the taxpayer is entitled to notice of the summons (subject to the exceptions set forth in § 7609(c)(2)-(3)) and has a right to intervene and to move to quash the summons." *Id.* (citing 26 U.S.C. §§ 7603, 7609). "The issue of who gets notice is highly significant because only a person who is entitled to notice may bring a proceeding to quash such a summons." *Viewtech, Inc. v. U.S.*, 653 F.3d 1102, 1104 (9th Cir. 2011) (citing 26 U.S.C. § 7609(b)(2)(A)), *abrogated on other grounds*, *Polselli v. IRS*, 598 U.S. 432 (2023).

The government argues that, under 26 U.S.C. § 7609(c)(2), Plaintiff is not entitled to notice and therefore cannot bring a motion to quash IRS summons. (Defendant's Motion, at 4–5). Plaintiff does not directly address the government's argument in his opposition, noting instead that he is using his Motion to Quash to "contest[] the validity of the underlying assessment . . . and consequently the validity of the Defendant's summons issued to Dean Steeves." (Plaintiff's Opposition, at 5).

The government is correct—Plaintiff does not have standing to bring a motion to quash the IRS summons. Recipients of summons "served on the person with respect to whose liability the summons is issued, or any officer or employee of such person," are exempted from the notice requirement. 26 U.S.C. § 7609(c)(2). The at-issue summons was issued to Plaintiff in his capacity as "Officer of Camp Noble Inc." with respect to

CNI's alleged tax liability. (Plaintiff's Motion, at 16). Plaintiff agrees that he is "CEO and President" of CNI. (*Id.* at 1). Plaintiff's arguments regarding the validity of the summons or the underlying tax assessment are not relevant to the Court's judgment because they do not bear on Plaintiff's standing to bring his motion to quash. Accordingly, the Court **DENIES** Plaintiff's Motion to Quash and **GRANTS** Defendant's motion to Deny Plaintiff's Motion to Quash.

### B. Enforcing IRS Summons

Both Plaintiff and the government agree that the test set forth in *United States v. Powell* governs the enforcement of an IRS summons. (Plaintiff's Motion, at 5, 14); (Defendant's Motion, at 17). Under *Powell*, the government may establish a *prima facie* case to enforce the summons if it shows: (1) the summons was issued for a legitimate purpose; (2) the summoned data may be relevant to that purpose; (3) the data is not already in the IRS's possession; and (4) the IRS has followed the administrative steps for issuing and serving the summons. *United States v. Powell*, 379 U.S. 48, 57–58 (1964). "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met." *Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999) (internal quotation marks and citation omitted). "Once the government has established the *Powell* elements, 'those opposing enforcement of a summons . . . bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the Service . . . . Without a doubt, this burden is a heavy one.'" *Id.* (quoting *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997) (en banc)). To make the required showing, the petitioner "must allege specific facts and evidence to support his allegations of bad faith or improper purpose." *Id.* (quoting *Jose*, 131 F.3d at 1328). Meeting the *Powell* requirements also defeats a petition to quash. *See id.* at 1143–44.

The government offers the declaration of IRS Revenue Officer Joseph Unger, who attests that the summons was issued for the purpose of "identify[ing] sources of assets" to "aid . . . collection of CNI's previously assessed federal tax liabilities for the subject tax

years," the summoned documents and information sought may be relevant to the "IRS's collection activities with respect to CNI's outstanding tax liabilities," the summoned documents and information sought are not currently in the possession of the IRS, and the IRS followed all administrative steps required to issue and serve the summons. (Defendant's Motion, 26–29). Unger's declaration addresses all four *Powell* requirements and the government has therefore established a prima facie case to enforce the summons.

Plaintiff only contests the "legitimate purpose" requirement, first arguing that CNI's status as an "integrated auxiliary of [Brothers Keeper Ministries]" grants it a "Mandatory Exception from having to file 1120's with" the government. (Plaintiff's Motion, at 5–6). For authority, Plaintiff points to 26 U.S.C. § 6033(a)(3)(A)(i). (*Id.* at 6). Plaintiff has made similar arguments before, to little effect. *See Steeves v. IRS*, No. 20-cv-978-LAB, 2020 WL 5943543, at *1-2 (S.D. Cal. Oct. 6, 2020) ("Nothing in [26 U.S.C. § 6033] suggests that a bank's financial records concerning the financial activity of a religious organization are exempt from investigation. In short, Steeves' arguments have no basis in the law, and are frivolous."). 26 U.S.C. § 6033(a)(3)(A)(i) does not except the financial activity of a religious organization from IRS investigation. The statute "merely exempt[s] churches and certain other religious bodies from . . . requirements that they file tax returns." *Id.* at *1. Thus, Plaintiff's argument does not show that the summons was issued for an improper purpose.

Plaintiff next attacks the validity of the IRS's tax assessment against CNI, arguing that CNI has no federal excise-tax liability because it is not engaged in any commercial activity that is taxable under Congress's Sixteenth Amendment authority to issue excise taxes. (*Id.* at 7–14). The government argues that Plaintiff "cannot use an IRS summons proceeding as a forum in which to context the validity of the tax assessments for the subject tax years." (Defendant's Motion, at 13). For authority, the government cites various out-of-circuit cases and one case from this district. *See, e.g.*, Defendant's Motion, at 11, 13; *United States v. Mueller*, 930 F.2d 10, 12 (8th Cir. 1991); *United States v. Harper*, 662 F.2d 335, 336 (5th Cir. 1981) (per curiam); *Gilliam v. United States*, No. MC 00-27 MV,

2001 WL 37125000, at *2 (D.N.M. July 2, 2001); *United States v. Benoit*, No. 06CV657-IEG NLS, 2006 WL 2726869, at *3 (S.D. Cal. Aug. 14, 2006).  Plaintiff concedes that Defendant's cited authority "concluded that an IRS summons enforcement proceeding . . . could not be used as a form to contest the validity of an underlying assessment." (Plaintiff's Opposition, at 6).  Plaintiff argues, however, that none of the cases "state[], even by implication, [that] their conclusion of law applied to a Motion to Quash." (*Id.*).

While this Court has not found any Ninth Circuit authority directly on point, this Court agrees with the courts cited by the government that challenges to the validity of an underlying tax assessment cannot be made at an IRS summons enforcement proceeding. Because the IRS has filed a motion to enforce IRS summons, (Defendant's Motion), the present case is an IRS summons enforcement proceeding.  Therefore, Plaintiff cannot challenge the validity of the IRS's tax assessments against CNI at this time.  Accordingly, the Court declines to address Plaintiff's validity arguments.

Next, Plaintiff argues that the present IRS summons is moot since the government has already executed a levy of $62,024.85 against CNI's Wells Fargo Bank account for the at-issue tax years.  (Plaintiff's Motion, at 3–5).  However, the sum total underlying tax assessment and statutory additions is around $6 million.  (*Id.* at 24).  Thus, the remaining unpaid tax liabilities still serve as a "legitimate purpose" for the IRS to issue its summons.

Plaintiff then argues that the information sought by the IRS no longer exists since "CNI keeps records for 3-4 years, if at all, and when it does it is for CNI's purpose only." (Plaintiff's Motion, at 4).  However, Plaintiff does not provide any evidence that CNI has actually expunged all of the requested records.  Furthermore, as the government points out, the documents and records sought would normally fall under CNI's recordkeeping policy since the IRS requested information from July 1, 2023 through compliance with the summons. (Plaintiff's Motion, at 16); (Defendant's Motion, at 14).  Accordingly, the Court does not find that Plaintiff's argument disproves the IRS's legitimate purpose for its summons.

Finally, Plaintiff argues that CNI "has no assets." (Plaintiff's Opposition, at 3). This assertion is plainly contradicted by Plaintiff's own evidence that the IRS has issued a $62,024.85 levy against CNI's Wells Fargo Bank account for the at-issue tax years. (Plaintiff's Motion, at 3–4). Plaintiff does not provide any evidence that supports his blanket statement. Accordingly, the Court does not find that this argument disproves the IRS's legitimate purpose for its summons.

The government has met its burden to establish a prima facie case of enforcement of summons whereas Plaintiff has not met his burden to disprove it. Accordingly, the Court **GRANTS** the government's motion to enforce summons. Because meeting the *Powell* elements also defeats a petition to quash, the Court would also deny Plaintiff's Motion to Quash and grant Defendant's Motion to Summarily Deny Plaintiff's Motion to Quash on this alternative ground.

### C. Plaintiff's Motion to Compel

"Under the Federal Rules of Civil Procedure, the parties may obtain discovery regarding any matter that is (1) 'not privileged' and (2) 'relevant to the subject matter involved in the pending action.'" *Soto v. City of* Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting Fed. R. Civ. P. 26(b)(1)). "[A] party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a). "[T]he party seeking to compel discovery bears the burden of showing that his request satisfies the relevance requirement of Rule 26." *Soto*, 162 F.R.D. at 610. Additionally, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see also* Civ. L. R. 26.1(b) ("At the time of filing any motion with respect to Rules 26 through 37, Fed. R. Civ. P., counsel for the moving party must serve and file a certificate of compliance with this rule."). "In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." *SolarCity Corp. v. Doria*, No. 16-cv-3085-JAH (RBB), 2018 WL 467898, at *2 (S.D. Cal. Jan. 18, 2018) (quoting *Hupp v. San Diego Cnty.*, No. 12-cv-492 GPC, 2014

WL 1404510, at *2 (S.D. Cal. Apr. 10, 2014)).  Parties who choose to represent themselves are "expected to abide by the rules of the court in which [they] litigate[]."  *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986).

Plaintiff has not attempted to fulfill his Rule 37 obligation to in good faith confer or attempt to confer with Defendant over the requested discovery.  Nor does Plaintiff make any such representations.  Accordingly, the Court **DENIES** Plaintiff's Motion to Compel.[1]

## IV.   CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Quash and Motion to Compel and **GRANTS** Defendant's Motion to Summarily Deny Plaintiff's Motion to Quash and Enforce IRS Summons.

Dated:  September 30, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[1] Because the Court denies Plaintiff's motion to compel on this ground, the Court declines to address Defendant's arguments that Plaintiff's motion is premature or that Plaintiff is not entitled to discovery in an IRS summons case.  (ECF No. 9).

8